**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pulte Home Company LLC, et al., | No. CV-22-01972-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| United Specialty Insurance Company, et al., | |
| Defendants. | |

Before the Court is the parties' Joint Motion for Hearing on Discovery Dispute. (Doc. 93). At issue is the disclosure of various insurance policies and claim files held by Defendants United Specialty Insurance Company and Knight Specialty Insurance Company's ("Defendants"), and the provision of a Fed. R. Civ. P. ("Rule") 30(b)(6) corporate representative witness for deposition. After reviewing the record and hearing the parties' oral arguments on October 10, 2024, the Court now rules as follows.

**I.      BACKGROUND**

Plaintiffs Pulte Home Company LLC and Pulte Development Corp. ("Plaintiffs") assert that they requested the policies and claim files through two separate written discovery requests on April 8, 2024, and July 4, 2024. (*Id.* at 2). Plaintiffs served a notice of deposition of a Rule 30(b)(6) witness on July 4, 2024, as well. (*Id.*). Defendants have not produced the documents, and while they have provided general objections to the requests, they have not provided a privilege log or other justification for their failure to produce the documents. (*Id.*). With respect to the Rule 30(b)(6) deposition dispute, the

Joint Hearing Request asserts that Defendants failed to produce a witness for a deposition scheduled on August 21, 2024. (Doc. 93 at 3). After Plaintiffs rescheduled the deposition to September 25, 2024 upon Defendants' request, Defendants notified Plaintiffs that the witness would not appear at the rescheduled deposition, either. (*Id.*).

## II.    LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevance in this context "is defined very broadly." *Equal Emp. Opportunity Comm'n v. Scottsdale Healthcare Hosps.*, No. CV-20-01894-PHX-MTL, 2021 WL 4522284, at *2 (D. Ariz. Oct. 4, 2021) (citation omitted). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements . . . ." *Id.* (citation omitted). Thereafter, "the party opposing discovery bears the burden of showing the disputed discovery is not relevant, a burden that is met by specifically detailing the reasons why each request is irrelevant." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev. 2019).

Rule 30(b)(6), which provides guidelines for deposing organizations, imposes burdens on both the discovering party and the designating party. The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

## III.   DISCUSSION

In the present case, Plaintiffs contend that the policy language defines Defendants' obligations to Plaintiffs and is therefore essential to the action. (Doc. 93 at 2). Plaintiffs argue that the claims files are equally important because they reveal Defendants' handling of Plaintiffs' claims and relevant information about Defendants' beliefs and decisions about its coverage duties. (*Id.*). Because the scope of Defendants' coverage duties and

handling of Plaintiffs' claims are clearly relevant to the underlying indemnity dispute at the heart of this case, the Court finds that Plaintiffs' requested information is discoverable unless Defendants can show that the information is irrelevant or otherwise exempt from discovery. In opposing Plaintiffs' discovery requests, Defendants made no argument about relevancy, proportionality, or other exemptions. (*Id.*). The Joint Motion reveals that Defendants provided only "general objections" to the request. (*Id.*). Additionally, the Joint Motion provides no justification, such as an objection to the scope of examination, for Defendants' failure to produce a Rule 30(b)(6) witness for deposition. At the October 10, 2024 hearing, Defendants provided no further explanation for their failure to produce the documents and witness beyond arguing that Plaintiffs do not have standing to seek reallocation of defense costs from Defendants in the insurance defense and indemnity dispute at issue in this case.

Defendants' "merits objections do not relieve it of its burden to produce relevant, discoverable materials—particularly where discovery has not been stayed." *Kimble v. Specialized Loan Servicing, LLC*, No. 16CV2519-GPC (BLM), 2018 WL 1693197, at *4 (S.D. Cal. Apr. 6, 2018) (citation omitted); *see also Pershing Pac. W., LLC v. MarineMax, Inc.*, No. 10-CV-1345-L DHB, 2013 WL 941617, at *2 (S.D. Cal. Mar. 11, 2013) ("[A]lthough Defendants dispute whether Plaintiff actually experienced mechanical problems, at this juncture in the litigation, Plaintiff is entitled to receive discovery based on the claims alleged in the Second Amended Complaint."). Defendants have not filed a motion challenging Plaintiffs' standing or seeking a stay of discovery, and they provide no legal authority for their position that their standing objection relieves them of their discovery obligations. All told, "Defendant[s'] objection to Plaintiffs' discovery requests . . . due to Plaintiffs' alleged lack of standing is without legal or factual support." *Kimble*, 2018 WL 1693197, at *4. As such, the Court will order Defendants to comply with Plaintiffs' requests.

///

///

## IV. CONCLUSION

Defendants failed to provide an adequate objection to Plaintiffs' requests for the policies and claim files at issue in this case and a Rule 30(b)(6) witness for deposition. The Court will order Defendants to comply with Plaintiffs' requests by the deadlines provided below. Additionally, Defendants are warned that if they fail to comply with the foregoing order, the Court may, upon application by Plaintiffs, enter some or all of the sanctions permitted under Fed. R. Civ. P. 37(b)(2).

Accordingly,

**IT IS ORDERED** that the Joint Motion for Hearing re. Discovery Dispute (Doc. 93) is **granted** in favor of Plaintiffs in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants must comply with Plaintiffs' Request for Production and turn over the insurance policies and relevant claim files at issue in this case by **October 25, 2024**.

**IT IS FURTHER ORDERED** that Defendants must comply with Plaintiffs' Rule 30(b)(6) deposition notice as currently written by the close of discovery on **November 4, 2024**.

Dated this 17th day of October, 2024.

Honorable Steven P. Logan
United States District Judge